FILED
CLERK OF COURT

2024 NOV 20 PM 2:27

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0277-21** |
| | GPD Report No. 21-18094 |
| v. | |
| **ANTHONY FERNANDEZ REYES,** | **DECISION AND ORDER** |
| DOB: 06/23/1991 | **GRANTING** |
| | **THE PEOPLE'S MOTION** |
| Defendant. | **TO REVOKE PROBATION** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 8, 2024, for a Revocation Hearing in the above-captioned matter related to Anthony Fernandez Reyes's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Jacob Wagner. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On April 6, 2022, Defendant pled guilty to Family Violence (as a Misdemeanor). See Judgment of Conviction (Apr. 28, 2022). Pursuant to the terms of Defendant's plea agreement, a judgment was entered imposing the following relevant conditions of probation:

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 1 of 6

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling ("CSFC") with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **STAY AWAY FROM VICTIM:** Defendant shall stay away, directly, and indirectly from Peter Fernandez Reyes, Jr. ("Victim") and shall not contact the same by telephone, in writing, via email, via text message, through social media, via any electronic device, or through a third-party, including a family member or friend.

- **STAY AWAY FROM VICTIM:** Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of Victim, or any other specified place, and shall not come within five hundred (500) feet of the above specified places.

- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Victim.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **FINE:** Defendant shall pay a fine of one thousand dollars ($1,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred (100) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

Id.

On June 7, 2022, a Violation Report was filed indicating that Defendant had tested positive for methamphetamine and admitted to smoking methamphetamine two days prior. See First Violation Report (Jun. 7, 2022).

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 2 of 6

Another Violation Report was filed on June 29, 2022. See Second Violation Report (Jun. 29, 2022). It was made known that Defendant had again tested positive for methamphetamine, and also failed to report to the Adult Probation Office for multiple scheduled drug tests. Id. The Report also detailed how Defendant had failed to report to CSFC for his initial intake and processing. Id.

Another Violation Report was filed on August 18, 2022. See Third Violation Report (Aug. 18, 2022). The Victim reported to the Adult Probation Office that Defendant had entered his property and battered him with a series of punches to the head. Id.

Another Violation Report was filed on November 17, 2022. See Fourth Violation Report (Nov. 17, 2022). This time, Defendant again tested positive for methamphetamine during a scheduled drug test, and again failed to submit to multiple other scheduled drug tests. Id. It was also made known that Defendant has made zero progress on paying off his fines and court costs, or working off his community service obligations. Id.

Two more Violation Reports were filed on December 22, 2022. Defendant's Fifth Violation Report detailed how he tested positive for methamphetamine during a scheduled drug test. See Fifth Violation Report (Dec. 22, 2022). Defendant's Sixth Violation Report detailed how he failed to submit to multiple other scheduled drug tests at the Adult Probation Office. See Sixth Violation Report (Dec. 22, 2022).

Another Violation Report was filed on March 9, 2023. See Seventh Violation Report (Mar. 9, 2023). The Court was informed that Defendant had failed to attend scheduled counseling sessions at both CSFC and the Guam Behavioral Health and Wellness Center ("GBHWC"). Id. The Court was also informed that Defendant had yet to make any progress on paying off his fine or court costs, and that he was making very little progress on working off his community service hours. Id.

Another Violation Report was filed on April 22, 2024. See Eight Violation Report (Apr. 22, 2024). This Report detailed how Defendant was continuing to skip scheduled counseling sessions at CSFC. Id. It was also made known that Defendant still hadn't made any progress on paying off his fines or court costs. Id.

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 3 of 6

On June 10, 2024, another Violation Report was filed. See Ninth Violation Report (Jun. 10, 2024). The Court was informed that Defendant continued to skip several scheduled drug tests at CSFC. Id.

On September 25, 2024, another Violation Report was filed. See Tenth Violation Report (Sep. 25, 2024). For the second time during Defendant's probation term, it was reported that Defendant had entered the Victim's property and violently taken Victim to the ground with a series of punches to the head. Id.

On October 11, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Oct. 11, 2024). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Oct. 17, 2024).

On November 8, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Nov. 8, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 4 of 6

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has tested positive for methamphetamine use on multiple occasions. Defendant also routinely skipped several other drug tests as well as scheduled counseling sessions at both CSFC and GBHWC. Defendant has also failed to make any progress on paying off his fines or court costs, and has made very little progress on working off his community service hours. Most alarmingly of all, Defendant has violated the Victim's stay-away order multiple times by entering the Victim's property and violently assaulting him on several occasions.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant repeatedly violated the same probationary conditions over and over again, continuously accumulating Violation Reports over a multi-year

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 5 of 6

period. Aside from a sustained methamphetamine use, Defendant also continues to display a violent disposition towards Victim, having assaulted him again on several occasions. This is especially concerning given that Defendant's probation was originally imposed for having committed Family Violence against the same Victim.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall be served *consecutive* to Defendant's incarceration in **CM0002-21**. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this November 20, 2024 _____

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CM0277-21, *People of Guam v. Anthony Fernandez Reyes*
Page 6 of 6